JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JAZMIN FLORES, | Case No. 2:25-cv-03851-HDV-MAA |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]** |
| v. | |
| COSTCO WHOLESALE CO. et al., | |
| Defendants. | |

1

## I. INTRODUCTION

This case arises from a slip-and-fall at a Costco in Signal Hill, California. Plaintiff Jazmin Flores brought this negligence action against Costco Wholesale Co. ("Costco"). Costco removed to federal court and Plaintiff now moves to remand ("Motion"). [Dkt. No. 11].

The parties' dispute is narrow: whether the statement of damages, which purports to seek $2 million in damages, suffices to meet Defendant's burden to establish that the amount in controversy exceeds $75,000. The Court finds that it does not. Plaintiff's motion is granted.

## II. BACKGROUND

On April 10, 2023, Jazmin Flores slipped on milk or a similar substance in the dairy aisle of a Costco store located at 2200 East Willow Street, Signal Hill. Complaint 6 [Dkt. No. 1]. Plaintiff suffered injuries to her lower back and right knee, requiring conservative care and pain management, but no surgical procedures. *Id.*; Declaration of Stacey Cutting ("Cutting Decl.") ¶¶ 8–9 [Dkt. No. 11-2].

Plaintiff filed the instant case in Los Angeles County Superior Court on March 10, 2025, alleging that Defendants Costco and the store manager negligently maintained the premises. *See* Complaint. On March 31, 2025, Plaintiff served Costco with a statement of damages alongside the Summons and Complaint. Cutting Decl. ¶ 13, Ex. 5 [Dkt. No. 11-7] (claiming general damages in excess of $1 million and special damages in excess of $1 million).

Costco removed to federal court, asserting diversity jurisdiction. [Dkt. No. 1]. On May 27, 2025, Plaintiff moved to remand. The Court found Plaintiff's motion appropriate for decision without oral argument and took the matter under submission. [Dkt. No. 20].

## III. LEGAL STANDARD

Federal courts have original jurisdiction over civil actions where there is complete diversity and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Section 1332 requires complete diversity, meaning that each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (*citing Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

2

Pursuant to 28 U.S.C. § 1447(c), an improperly removed case must be remanded to state court. Any doubts about removal are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## IV. DISCUSSION

The parties dispute whether the amount in controversy requirement is met. When a state court complaint is silent or ambiguous as to amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). In its notice of removal, the removing party need only include a short and plain statement setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). But where the plaintiff challenges removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

Here, Costco relies exclusively on Plaintiff's statement of damages, which purportedly requests $2 million in damages. Costco's Opposition to Motion 4–6 [Dkt. No. 15]. The Complaint alleges that Plaintiff suffered "severe injury and pain," but provides no other indication as to her damages. Complaint at 6. Plaintiff's counsel avers that her firm routinely serves statements of damages stating a very large sum to protect their clients' interests and that the sum is not intended as a reasonable estimate of Plaintiff's claims. Cutting Decl. ¶¶ 14–16. Plaintiff now claims in her moving papers that her medical bills amount to about $40,000. Plaintiff's Reply in Support of Motion 2 [Dkt. No. 18]; Cutting Decl. ¶ 10. The parties proffers no other evidence of Plaintiff's damages.

The question before the Court is narrow: does a *pro forma* statement of damages—standing alone—establish by a preponderance of the evidence that the amount in controversy requirement is met? The Court concludes that it does not.

While "[a] statement of damages 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim[,]' . . . [a] plaintiff's damage estimate will not establish the amount in controversy . . . if it appears to be only a bold optimistic prediction." *Schroeder v. PetSmart, Inc.*, No. CV-19-1561-FMO-AGRX, 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Indeed, courts have routinely found that where a defendant proffers only a statement of damages with an arbitrarily high number, it has not met its burden of establishing that removal is proper. *See, e.g., Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293-JLS-BGS, 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (finding that the defendant failed to meet its burden where it relied on the plaintiff's statement of damages of $300,000 for each past and future damages without further support for the figure); *Marquez v. Lowe's Home Ctr., LLC*, No. 2:23-CV-07846-FLA-SKX, 2024 WL 1323549, at *2 (C.D. Cal. Mar. 27, 2024) (finding that where the Statement of Damages "cites no facts whatsoever to explain how Plaintiff determined the $283,937 amount," it was insufficient to show that the amount in controversy exceeds $75,000).

The Court is persuaded by (and hereby adopts) the reasoning of the California sister courts cited above. Even charitably construed, Plaintiff's $2 million statement of damages represents nothing more than a "bold optimistic prediction" and bears no relation whatsoever to the facts alleged. *Cohn*, 281 F.3d at 840. In summary, Defendant has failed to carry its burden to establish the amount in controversy.

V.   **CONCLUSION**

Plaintiff's Motion to Remand is granted.

Dated: July 15, 2025

Hernán D. Vera
United States District Judge